IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CT-3100-D

| | | |
|---|---|---|
| DARRELL TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| HEAD NURSE HOBBS, et al., | ) | |
| | ) | |
| Defendant. | ) | |

On June 8, 2011, Darrell Taylor ("Taylor" or "plaintiff"), a former[1] state inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 [D.E. 1]. On February 16, 2012, the court reviewed the action pursuant to 28 U.S.C. § 1915A and allowed plaintiff's claim concerning inadequate medical care to proceed against one defendant, Nurse Hobbs [D.E. 7]. On March 20, 2012, Hobbs answered the complaint and attached a copy of a May 18, 2011 grievance [D.E. 11]. On March 26, 2012, the court issued a scheduling order [D.E. 12]. On April 10, 2012, Hobbs filed a motion for judgment on the pleadings [D.E. 13]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Taylor about the motion for judgment on the pleadings, the consequences of failing to respond, and the response deadline [D.E. 15]. Taylor did not respond to the motion, and the time within which to do so has expired. As explained below, the court grants Hobbs's motion for judgment on the pleadings.

---

[1] On October 30, 2011, the North Carolina Department of Public Safety released Taylor. See N.C. Dep't of Pub. Safety, Offender Pub. Info, http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0595343&searhOffenderId=0595343&listurl=pagelistoffenderse archresults&listpage=1 (last visited Sept. 27, 2012).

I.

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial . . . ." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is designed to dispose of cases when the material facts are not in dispute; therefore, the court can decide the case on its merits by considering the pleadings along with any materials referenced in and attached to the pleadings. See id. 10(c), 12(c). In addition, a court may consider "documents incorporated into the [pleadings] by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); see Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005); Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991).

The same standard of review applied to a motion to dismiss under Rule 12(b)(6) also applies to a motion for judgment on the pleadings under Rule 12(c). See Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 405–06 (4th Cir. 2002). In analyzing a motion for a judgment on the pleadings, a court must determine whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 622, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563–70 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In evaluating a motion for judgment on the pleadings, the court accepts the complaint's factual allegations as true, but need not accept a complaint's legal conclusions drawn from the facts. Iqbal, 556 U.S. at 677–80; Giarratano, 521 F.3d at 302. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted).

Hobbs seeks dismissal of the complaint for failure to exhaust administrative remedies. See Mem. Supp. Mot. [D.E. 14] 2–7. The Prison Litigation Reform Act of 1995 ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. §] 1983 . . . or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 84–85 (2006). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002); see Jones v. Bock, 549 U.S. 199, 211 (2007). Moreover, a prisoner must exhaust administrative remedies "regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

Section 1997e(a) requires an inmate to exhaust his administrative remedies before filing suit. See 42 U.S.C. § 1997e(a); Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004); Johnson v. Jones, 340 F.3d 624, 627–28 (8th Cir. 2003). When an inmate files suit early, courts typically dismiss the action without prejudice. See, e.g., Ford, 362 F.3d at 401; Johnson v. Cannon, C.A. No. 4:08-776-PMD, 2010 WL 936706, at *8 (D.S.C. Mar. 15, 2010) (unpublished), aff'd, 390 F. App'x 256 (4th Cir. 2010) (per curiam) (unpublished); Shouse v. Madsen, No. 7:09-cv-00461, 2010 WL 276543, at *1–2 (W.D. Va. Jan. 19, 2010) (unpublished). A dismissal without prejudice allows the prisoner an opportunity to exhaust the administrative process and then file a new suit, if the prisoner so chooses. Failure to exhaust is an affirmative defense that a defendant must plead and prove. See, e.g., Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 681 (4th Cir. 2005).

3

Hobbs has demonstrated that Taylor filed this action before exhausting administrative remedies. See Answer [D.E. 11], Ex. A. Accordingly, the court grants Hobbs's motion for judgment on the exhaustion issue and dismisses without prejudice Taylor's complaint.

II.

For the reasons stated, the court GRANTS Hobbs's motion for judgment on the pleadings [D.E. 13]. The action is DISMISSED without prejudice.

SO ORDERED. This 28 day of September 2012.

JAMES C. DEVER III
Chief United States District Judge